# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| JIMMY EDWARDS,<br>ROBERT HUNT,<br>DOLORES HUNT,<br>CLIFFORD MCKELLAR, JR.,<br>EMMA MCKELLAR, on behalf of themselves<br>and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>            Defendant. | Case No. 7:18-cv-169-BO<br><br>*Consolidated with Cases No. 7:18-cv-177-BO and*<br>*No. 7:18-cv-178-BO* |
| ANTOINETTE MOORE, individually and on<br>behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>            Defendant. | Case No. 7:18-cv-177-BO |
| WEST LUMBERTON BAPTIST CHURCH,<br>CURRIE CHAIN SAW, INC.,<br>C.J.M. VENTURES, INC.,<br>WILLIAM LOCKLEAR d/b/a<br>STRICKLAND'S BARBERSHOP, | Case No. 7:18-cv-178-BO |

TBL ENVIRONMENTAL LABORATORY, INC.,
SAMMY'S AUTO SALES, INC.,
LINDA SAMPSON, and
ERIC CHAVIS,

individually and on behalf all others similarly
situated,

                Plaintiffs,

v.

CSX TRANSPORTATION, INC.,

                Defendant.

## CSX TRANSPORTATION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED CONSOLIDATED CLASS ACTION COMPLAINT

Defendant CSX Transportation, Inc. ("CSXT") hereby provides its Answer and Defenses to Plaintiffs' Amended Consolidated Class Action Complaint ("the Complaint") (ECF No. 29) with these general limitations. First, in accordance with the Court's July 16, 2019 Order granting in part GM's motion to dismiss, no response is provided to dismissed claims and allegations. Second, all allegations not expressly admitted are denied.[1]

1. No response is required to allegations in Paragraph 1 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that plaintiffs purport to bring this action as one for damages, but CSXT denies that plaintiffs state any claims or any right to

---

[1] For convenience, CSXT includes plaintiffs' headings, but denies plaintiffs' characterizations in the headings.

relief against CSXT. CSXT further admits that it conducts railroad activities in the city of Lumberton, NC. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 as they pertain to the construction of a levee system by local officials, and therefore denies the allegations. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 1.

2. No response is required to allegations in Paragraph 2 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 2

3. No response is required to allegations in Paragraph 3 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that plaintiffs purport to bring this action as a putative class action, but CSXT denies that plaintiffs state any claims or any right to relief against CSXT or that a class can be maintained. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 as they pertain to plaintiffs' or putative class members' property ownership, and therefore denies the allegations. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 3.

**PARTIES**

4. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 as they pertain to plaintiffs' or putative class members' property ownership or business operations and therefore denies the allegations. CSXT admits to the rising of certain floodwaters. CSXT denies the remaining allegations in Paragraph 4.

5. CSXT lacks sufficient knowledge or information to form a belief as to the truth of

the allegations in Paragraph 5 as they pertain to plaintiff Edwards' property ownership, and therefore denies the allegations.

6.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 as they pertain to plaintiffs Hunts' property ownership, and therefore denies the allegations.

7.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 as they pertain to plaintiffs McKellars' property ownership, and therefore denies the allegations.

8.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 as they pertain to plaintiff Moore's property ownership, and therefore denies the allegations.

9.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 as they pertain to plaintiff West Lumberton Baptist Church's business operations, and therefore denies the allegations.

10.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 as they pertain to plaintiff Currie Chain Saw Inc.'s business operations, and therefore denies the allegations.

11.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 as they pertain to plaintiff CJM Ventures, Inc.'s business operations, and therefore denies the allegations.

12.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 as they pertain to plaintiff Locklear's business operations, and therefore denies the allegations.

13.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 as they pertain to plaintiff TBL Environmental Laboratory, Inc.'s business operations, and therefore denies the allegations.

14.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 as they pertain to plaintiff Sammy's Auto Sales Inc.'s business operations, and therefore denies the allegations.

15.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 as they pertain to plaintiff Sampson's property ownership, and therefore denies the allegations.

16.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 as they pertain to plaintiff Chavis' property ownership, and therefore denies the allegations.

17.     CSXT admits that it is a Virginia corporation with its principal place of business in Jacksonville, Florida. CSXT further admits that it conducts railroad operations and owns rail tracks in the City of Lumberton.

**JURISDICTION AND VENUE**

18.     The allegations in Paragraph 18 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 18, including for lack of knowledge or information.

19.     The allegations in Paragraph 19 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 19, including for lack of knowledge or information

20.     The allegations in Paragraph 20 state legal conclusions to which no response is

required. CSXT denies the remaining allegations in Paragraph 20.

**FACTUAL ALLEGATIONS**

21.     No response is required to allegations in Paragraph 21 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 21.

22.     CSXT admits that it conducts railroad operations and owns rail tracks in the City of Lumberton. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 as they pertain to the geography of the City of Lumberton, the design and construction of the I-95 overpass, or the construction of flood protection measures by a local drainage district, and therefore denies the allegations. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 22.

23.     CSXT admits that the allegations in Paragraph 23 purport to describe the subject of the appended map, but states that the document speaks for itself and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 23.

24.     No response is required to allegations in Paragraph 24 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 as they pertain to the geography and topography of the City of Lumberton, the design and construction of the I-95 overpass, the construction of flood protection measures by governmental authorities, or plaintiffs' properties and therefore denies the allegations. CSXT denies the remaining allegations in

Paragraph 24.

25.     No response is required to allegations in Paragraph 25 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 as they pertain to studies and consultants commissioned by unidentified government authorities and/or third-parties, and therefore denies the allegations. CSXT admits that the allegations in Paragraph 25 purport to describe the subject of the appended map, but states that the document speaks for itself and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 25.

26.     No response is required to allegations in Paragraph 26 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 as they pertain to the contemplations of unidentified entities, and therefore denies the allegations. CSXT admits that the allegations in Paragraph 26 purport to describe the subject of the appended map, but states that the document speaks for itself and denies plaintiffs' characterization of it. CSXT further admits that the allegations in Paragraph 26 purport to summarize the Tri-Party Agreement, states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 26.

27.     No response is required to allegations in Paragraph 27 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in

Paragraph 27.

28.     No response is required to allegations in Paragraph 28 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 as they pertain to the effects of Hurricane Florence on unspecified property in Lumberton, NC, and to the adage about "man," and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 28.

29.     No response is required to allegations in Paragraph 29 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 as they pertain to unspecified flooding, property damage, and displacement of residents in Lumberton, NC, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 29.

**A.      CSX's corporate history and the history of railroad operations through Lumberton.**

30.     No response is required to allegations in Paragraph 30 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 as they pertain to unspecified legislative charters, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 30.

31.     No response is required to allegations in Paragraph 31 that relate to plaintiffs' tort

causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 31 purport to summarize an 1855 legislative charter, but states that the charter speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 31.

32.     No response is required to allegations in Paragraph 32 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 as they pertain to an unspecified railroad, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 32.

33.     No response is required to allegations in Paragraph 33 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Wilmington, Charlotte & Rutherford Railroad or its sale, and therefore denies the allegations.

34.     No response is required to allegations in Paragraph 34 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Carolina Central Railway or its sale, and therefore denies the allegations.

35.     No response is required to allegations in Paragraph 35 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Carolina Central Railway or its sale, and therefore denies the allegations.

36.     No response is required to allegations in Paragraph 36 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the Carolina Central Railway or its sale, and therefore denies the allegations.

37.     No response is required to allegations in Paragraph 37 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that on or about July 1, 1967, the Atlantic Coast Line Railroad Company merged with Seaboard Air Line RR Company to form Seaboard Coast Line Railroad Company. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 37.

38.     No response is required to allegations in Paragraph 38 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that in 1982, the Louisville And Nashville Railroad Company merged into Seaboard Coast Line Railroad Company, and its name was changed to Seaboard System Railroad, Inc. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 38.

39.     No response is required to allegations in Paragraph 39 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in

Paragraph 39.

40.     CSXT admits the allegations in Paragraph 40 insofar as it understands the reference to "tracks" as referring to the mainline track in Lumberton that intersects with Interstate 95. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 40.

41.     CSXT admits the allegations in Paragraph 41 insofar as it understands the reference to "tracks" as referring to the mainline track in Lumberton that intersects with Interstate 95. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 state legal conclusions to which no response is required. No response is required to allegations in Paragraph 42 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 42.

43.     No response is required to allegations in Paragraph 43 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that it operates a railroad with tracks passing through the City of Lumberton. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 43, including the undefined term "derive economic advantage."

**B.     1960's and 1970's: The levee system is built to protect Lumberton from further floods, and CSX makes promises to the City of Lumberton to cooperate.**

44.     No response is required to allegations in Paragraph 44 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 as they pertain to the

topography of the Lumberton region, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 44.

45.     No response is required to allegations in Paragraph 45 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 as they pertain to the topography of the Lumberton region or any meetings of federal, state, and local authorities regarding the construction of a levee system in the City of Lumberton, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 45.

46.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 as they pertain to the Natural Resources Conservation Service or the Jacob Swamp Watershed Improvement Plan, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 46.

47.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 as they pertain to the Jacob Swamp Watershed Improvement Plan, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 47.

48.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 as they pertain to the Robeson County Drainage District, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 48.

49.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 as they pertain to any agreements signed by the Robeson County Drainage District, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 49.

50. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 as they pertain to the "Watershed Work Plan Agreement," and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 50.

51. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 as they pertain to the "Watershed Work Plan Agreement" or any action taken pursuant to that plan, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 51.

52. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 as they pertain to the "Watershed Work Plan Agreement" or any action taken pursuant to that plan, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 52.

53. No response is required to allegations in Paragraph 53 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the City of Lumberton, the Drainage District, and the Seaboard Coast Line Railroad Company signed a "Tri-Party Agreement" dated June 14, 1978, but states that the agreement speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 53.

54. CSXT admits that the allegations in Paragraph 54 purport to quote and summarize the "Tri-Party Agreement," but states that the agreement speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 54.

55. CSXT admits that the allegations in Paragraph 55 purport to summarize an

appendix to the "Tri-Party Agreement," but states that the document speaks for itself, and denies plaintiffs' characterization of it. CSXT denies the remaining allegations in Paragraph 55.

56.     No response is required to allegations in Paragraph 56 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the City of Lumberton, the Drainage District, and the Seaboard Coast Line Railroad Company negotiated and signed a "Tri-Party Agreement" dated June 14, 1978. CSXT further admits that the allegations in Paragraph 56 purport to quote and summarize the "Tri-Party Agreement," but states that the agreement speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 56.

57.     No response is required to allegations in Paragraph 57 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 57 purport to quote and summarize the "Tri-Party Agreement," but states that the agreement speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 57.

58.     CSXT admits that the allegations in Paragraph 58 purport to quote and summarize the "Tri-Party Agreement," but states that the agreement speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 58.

59.     CSXT admits that the City of Lumberton, the Drainage District, and the Seaboard Coast Line Railroad Company signed a "Tri-Party Agreement" dated June 14, 1978, but states that the agreement speaks for itself, and denies plaintiffs' characterization of it. Except as specifically

admitted herein, CSXT denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 state legal conclusions to which no response is required. No response is required to allegations in Paragraph 60 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations.

61.     The allegations in Paragraph 61 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 61.

62.     CSXT denies the allegations in Paragraph 62.

63.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 as they pertain to the preparation of the "Operation Procedures," and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 63.

64.     CSXT admits that the allegations in Paragraph 64 purport to quote and summarize the "Operational Procedures," but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 64.

65.     CSXT admits that the allegations in Paragraph 65 purport to quote and summarize the "Operational Procedures," but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 65.

66.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies the allegations.

67.     No response is required to allegations in Paragraph 67 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 as they pertain to the awareness of the City, the Drainage District, Seaboard, the Soil Conservation Service, and the Army Corps of Engineers, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 67.

68.     No response is required to allegations in Paragraph 68 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 as they pertain to correspondence between the Army Corps of Engineers and the Soil Conservation Service, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 68.

69.     No response is required to allegations in Paragraph 69 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 69.

70.     No response is required to allegations in Paragraph 70 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 as they pertain to studies commissioned by the State of North Carolina, and therefore denies the allegations. CSXT admits that AECOM released a report titled Hurricane Matthew: Sources of Flooding and Mitigation Strategies in Lumberton, NC in September 2017 ("September 2017 AECOM Report"), but states that the report speaks for itself, and denies plaintiffs' characterization of it. Except as

specifically admitted herein, CSXT denies the allegations in Paragraph 70.

71.    No response is required to allegations in Paragraph 71 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 71 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 71.

72.    No response is required to allegations in Paragraph 72 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 72 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 72.

73.    No response is required to allegations in Paragraph 73 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations of Paragraph 73.

**C.    1970's to present: CSX always knows of the danger of its gap in the levee system, but does nothing to remedy the problem.**

74.    No response is required to allegations in Paragraph 74 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 as they pertain to the

certification of any levee system in the Lumberton area by unnamed authorities, and therefore denies the allegations. CSXT denies the remaining allegations of Paragraph 74, including the undefined term "certified."

75. No response is required to allegations in Paragraph 75 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 75 as they pertain to the certifications or designations of any levee system in the Lumberton area, and therefore denies the allegations. CSXT denies the remaining allegations of Paragraph 75.

76. No response is required to allegations in Paragraph 76 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 76 purport to quote and summarize the 2003 meeting minutes, but states that the records speak for themselves, and denies plaintiffs' characterization of them. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 76.

77. No response is required to allegations in Paragraph 77 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 77.

78. No response is required to allegations in Paragraph 78 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 78 concerning unidentified "communications" at unidentified times "over the years" because the

allegations are too vague and ambiguous to permit a meaningful response

79.　No response is required to allegations in Paragraph 79 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 79 concerning unidentified events and communications occurring at an unidentified time over a four-year period because the allegations are too vague and ambiguous to permit a meaningful response.

80.　No response is required to allegations in Paragraph 80 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 80 concerning unidentified events and communications occurring at an unidentified time because the allegations are too vague and ambiguous to permit a meaningful response, except CSXT admits that Michael Small was a CSXT roadmaster between 2011 and 2016.

81.　No response is required to allegations in Paragraph 81 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 81.

82.　No response is required to allegations in Paragraph 82 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 82.

83.　No response is required to allegations in Paragraph 83 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 as they pertain to the preparation of the September 2017 AECOM report, and therefore denies the allegations. CSXT denies the remaining allegations of Paragraph 83.

84.     No response is required to allegations in Paragraph 84 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 84 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 84.

85.     No response is required to allegations in Paragraph 85 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 85 purport to summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 85.

86.     No response is required to allegations in Paragraph 86 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 86 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 86.

87.     No response is required to allegations in Paragraph 87 that relate to plaintiffs' tort

causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 87 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 87.

88.     No response is required to allegations in Paragraph 88 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 88 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 88.

89.     No response is required to allegations in Paragraph 89 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 89 purport to quote and summarize the September 2017 AECOM Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 89.

90.     No response is required to allegations in Paragraph 90 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 90 purport to summarize the May 2017 *Hurricane Matthew Resilient Redevelopment Plan: Robeson County* Report ("May 2017 report"), but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies

the allegations in Paragraph 90.

91.     No response is required to allegations in Paragraph 91 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 91 purport to summarize the May 2017 Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 91.

92.     No response is required to allegations in Paragraph 92 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 92 purport to summarize the May 2017 Report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 92.

93.     No response is required to allegations in Paragraph 93 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 as they pertain to the commission of the May 2018 AECOM report, and therefore denies the allegations. CSXT denies the remaining allegations of Paragraph 93.

94.     No response is required to allegations in Paragraph 94 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 94 purport to summarize the May 2018 AECOM report, but states that the document

speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 94.

95.     No response is required to allegations in Paragraph 95 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 95 purport to summarize the May 2018 AECOM report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 95.

96.     No response is required to allegations in Paragraph 96 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 96 purport to summarize the May 2018 AECOM report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 96.

**D.      2016: The CSX gap's predictable impact on Plaintiffs and class members during and after Hurricane Matthew.**

97.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 as they pertain to the precise landfall or path of Hurricane Matthew, and therefore denies the allegations.

98.     No response is required to allegations in Paragraph 98 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 98, except to admit that any land in the path of a hurricane could be at risk of flooding

depending on the storm's path, rainfall, storm surge, and other circumstances.

99.     No response is required to allegations in Paragraph 99 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 99.

100.    No response is required to allegations in Paragraph 100 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 100.

101.    No response is required to allegations in Paragraph 101 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 as they pertain to the construction of a sandbag dam, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 101.

102.    No response is required to allegations in Paragraph 102 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 as they pertain to the City's use of construction equipment, jersey barriers, and other materials as flood protection, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 102.

103.    No response is required to allegations in Paragraph 103 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 as they pertain to the City's communications with the State, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 103.

104.    No response is required to allegations in Paragraph 104 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 104.

105.    No response is required to allegations in Paragraph 105 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 as they pertain to the State's communications with the City of Lumberton, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 105.

106.    No response is required to allegations in Paragraph 106 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106, and therefore denies the allegations.

107.    No response is required to allegations in Paragraph 107 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 107.

108.     No response is required to allegations in Paragraph 108 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108, and therefore denies the allegations.

109.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109, and therefore denies the allegations.

110.     CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110, and therefore denies the allegations.

111.     No response is required to allegations in Paragraph 111 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 111.

112.     No response is required to allegations in Paragraph 112 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 112 purport to summarize an unspecified AECOM report, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 112.

113.     No response is required to allegations in Paragraph 113 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies

the allegations.

**E.      2016: After Matthew, CSX rebuilt its own property using materials that made the flood risk even worse for the residents of Lumberton.**

114.      No response is required to allegations in Paragraph 114 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order.  CSXT admits that the photo purports to depict a scene in Lumberton, but states that the photograph speaks for itself, and denies plaintiffs' characterization of it. CSXT denies the remaining allegations in Paragraph 114, except to admit that parts of its track structures running through Lumberton were washed out by Hurricane Matthew.

115.      No response is required to allegations in Paragraph 115 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 115.

116.      No response is required to allegations in Paragraph 116 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 116, except to admit that it re-built any washed-out tracks after Hurricane Matthew.

117.      No response is required to allegations in Paragraph 117 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 117, except to admit that it used aggregate rock material, among other materials, to reconstruct track structures damaged following Hurricane Matthew.

118. No response is required to allegations in Paragraph 118 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 as they pertain to the flow of water through unspecified large rocks, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 118.

119. No response is required to allegations in Paragraph 119 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119 as they pertain to the permeability and porousness of unspecified rebuilt trackbed, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 119.

120. No response is required to allegations in Paragraph 120 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 120.

121. No response is required to allegations in Paragraph 121 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 121.

122. No response is required to allegations in Paragraph 122 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph

122.

123.     No response is required to allegations in Paragraph 123 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123 as they pertain to text messages sent by the City of Lumberton Public Works Director, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 123.

124.     No response is required to allegations in Paragraph 124 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 124.

**F.     2017: As Hurricane Irma approaches, CSX refuses the City of Lumberton's pleas to close the gap.**

125.     No response is required to allegations in Paragraph 125 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies the allegations.

126.     No response is required to allegations in Paragraph 126 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 126, except to admit that Rob Armstrong made a request of the City of Lumberton related to the CSXT railroad tracks.

127.    No response is required to allegations in Paragraph 127 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 127, except to admit that Todd Meineke was a CSXT roadmaster in September 2017.

128.    No response is required to allegations in Paragraph 128 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 128 purport to represent the contents of a voicemail message left by Mr. Meineke, but CSXT states that its contents speak for itself and denies plaintiffs' characterizations. CSXT denies the remaining allegations in Paragraph 128 except to admit that Mr. Creasy was not able to locate a copy of the Tri-Party Agreement in September 2017.

129.    No response is required to allegations in Paragraph 129 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 129 purport to quote from letter sent from the City Manager to Lumberton to Troy Creasy, but states that the letter speaks for itself, and denies plaintiffs' characterization of it.

130.    No response is required to allegations in Paragraph 130 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations of Paragraph 130.

131.    No response is required to allegations in Paragraph 131 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations of Paragraph

130 given the undefined term "response," since the entities and actors discussed had extensive dialogue over time that could or could not be deemed a "response."

132. No response is required to allegations in Paragraph 132 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 132 concerning unidentified "communications", except to admit that Mr. Creasy worked in Richmond, Virginia in September 2017 and there are rail floodgates in Richmond, Virginia.

**G.    2018: As Hurricane Florence approaches, CSX threatens legal action and refuses to allow anyone to close its gap. Plaintiffs and class members are hit again.**

133. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies the allegations.

134. No response is required to allegations in Paragraph 134 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order.  CSXT denies the remaining allegations in Paragraph 134, except to admit that city officials requested permission to block CSXT's tracks.

135. No response is required to allegations in Paragraph 135 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order.  CSXT denies the allegations in Paragraph 135, except to admit that at certain points in time it denied city officials to block its tracks.

136. No response is required to allegations in Paragraph 136 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in paragraph

136.

137.     No response is required to allegations in Paragraph 137 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 137.

138.     No response is required to allegations in Paragraph 138 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 138.

139.     No response is required to allegations in Paragraph 139 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 as they pertain to text messages sent by the City of Lumberton Public Works Director, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 139.

140.     No response is required to allegations in Paragraph 140 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 as they pertain to interviews or statements given by Lumberton's Deputy Mayor, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 140.

141.     No response is required to allegations in Paragraph 141 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 as they pertain to interviews or statements given by Lumberton's Mayor, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 141.

142.    No response is required to allegations in Paragraph 142 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 as they pertain to interviews or statements given by Ford Porter, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 142.

143.    No response is required to allegations in Paragraph 143 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 143, except to admit that it transported emergency relief supplies.

144.    No response is required to allegations in Paragraph 144 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 as they pertain to city leaders, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 144, except to admit that at certain points in time it denied city requests to block its railroad tracks.

145.    No response is required to allegations in Paragraph 145 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 as they pertain to the petitioning of Governor Cooper by Lumberton city leaders, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 145.

146. No response is required to allegations in Paragraph 145 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 as they pertain to Governor Cooper's personal orders, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 146.

147. No response is required to allegations in Paragraph 147 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies the allegations.

148. No response is required to allegations in Paragraph 148 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148 as they pertain to statements made by city councilman Cantley Jr., and therefore denies the allegations.

149. No response is required to allegations in Paragraph 149 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that a temporary berm was

constructed across its tracks during Hurricane Florence. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 149.

150. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 as they pertain to the gathering of volunteers, government workers, and the National Guard members, and therefore denies the allegations. CSXT admits that a temporary berm was constructed across its tracks during Hurricane Florence. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 150.

151. No response is required to allegations in Paragraph 151 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that a temporary berm was constructed across its tracks during Hurricane Florence. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 151.

152. No response is required to allegations in Paragraph 152 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152 as they pertain to the failure of a sandbag berm, and therefore denies the allegations.

153. No response is required to allegations in Paragraph 153 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 153, except to admit that portions of Lumberton flooded following Hurricane Florence.

154. No response is required to allegations in Paragraph 154 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 154.

155. No response is required to allegations in Paragraph 155 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 as they pertain to the City of Lumberton's flood control-related strategies or knowledge, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 155.

156. No response is required to allegations in Paragraph 156 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156 as they pertain to the success of the City of Lumberton's flood control-related strategies, and therefore denies the allegations.

157. No response is required to allegations in Paragraph 157 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 157.

## H. Even after Hurricane Matthew, CSX refused to join government efforts to solve the problem.

158. No response is required to allegations in Paragraph 158 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in

Paragraph 158.

159. No response is required to allegations in Paragraph 159 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 as they pertain to reports from unidentified government officials, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 159.

160. No response is required to allegations in Paragraph 160 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 160.

161. No response is required to allegations in Paragraph 161 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 161.

162. No response is required to allegations in Paragraph 162 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 162 as they pertain to alleged statements by an unidentified "CSX spokesperson," and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 162.

**I.     Plaintiffs suffered significant damages from Matthew and Florence, and continue to be at risk of a future flood today.**

163. No response is required to allegations in Paragraph 163 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 as they pertain to plaintiffs' and putative class members' properties and businesses, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 163, and specifically denies that a class action can be maintained.

164. No response is required to allegations in Paragraph 164 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164 as they pertain to unspecified economic damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 164.

165. No response is required to allegations in Paragraph 165 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 165 as they pertain to unspecified losses in income, property damage, or diminutions in property value, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 165.

166. No response is required to allegations in Paragraph 166 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 166 as they pertain to

unspecified loss or damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 166.

167. No response is required to allegations in Paragraph 167 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167 as they pertain to plaintiff Edwards' claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 167.

168. No response is required to allegations in Paragraph 168 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168 as they pertain to plaintiff Hunts' claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 168.

169. No response is required to allegations in Paragraph 169 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169 as they pertain to plaintiff McKellars' claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 169.

170. No response is required to allegations in Paragraph 170 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or

information to form a belief as to the truth of the allegations in Paragraph 170 as they pertain to plaintiff Moore's claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 170.

171.    No response is required to allegations in Paragraph 171 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 as they pertain to plaintiff West Lumberton Baptist Church's claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 171.

172.    No response is required to allegations in Paragraph 172 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172 as they pertain to plaintiff Currie Chain Saw's claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 172.

173.    No response is required to allegations in Paragraph 173 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 as they pertain to plaintiff CJM Ventures' claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 173.

174.    No response is required to allegations in Paragraph 174 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174 as they pertain to plaintiff Locklear's claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 174.

175.    No response is required to allegations in Paragraph 175 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175 as they pertain to plaintiff TBL Environmental Laboratory's claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 175.

176.    No response is required to allegations in Paragraph 176 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 176 as they pertain to plaintiff Sammy's Auto Sales' claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 176.

177.    No response is required to allegations in Paragraph 177 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 177 as they pertain to plaintiff Sampson's property ownership or claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 177.

178.    No response is required to allegations in Paragraph 178 that relate to plaintiffs' tort

causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 178 as they pertain to plaintiff Chavis' property ownership or claimed flood-related damages, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 178.

179.　　No response is required to allegations in Paragraph 179 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179 as they pertain to unnamed putative class members, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 179, and specifically denies that a class action can be maintained.

180.　　No response is required to allegations in Paragraph 180 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 180.

**J.　　A permanent fix to the CSX gap was feasible, was recommended for decades, and would have prevented Plaintiffs' catastrophic losses.**

181.　　No response is required to allegations in Paragraph 181 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 181.

182.　　No response is required to allegations in Paragraph 182 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 182.

183.     No response is required to allegations in Paragraph 183 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 183 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 183.

184.     No response is required to allegations in Paragraph 184 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 184 purport to summarize the September 2017 AECOM Report and images found therein, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 184.

185.     No response is required to allegations in Paragraph 185 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the allegations in Paragraph 185 purport to summarize the September 2017 AECOM Report and images found therein, but states that the document speaks for itself, and denies plaintiffs' characterization of it. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 185.

186.     No response is required to allegations in Paragraph 186 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 186.

187. No response is required to allegations in Paragraph 187 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 187.

188. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 188 as they pertain to contents of the picture reproduced in Paragraph 188, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 188, and specifically denies that a class action can be maintained.

189. No response is required to allegations in Paragraph 189 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The remaining allegations of Paragraph 198 are vague and ambiguous with respect for the need for and feasibility of operating floodgates at unidentified locations and under unidentified conditions, and therefore CSXT denies those allegations. CSXT denies the remaining allegations in Paragraph 189.

190. No response is required to allegations in Paragraph 190 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that it maintains floodgates in Orleans Parish, Louisiana and in Richmond, Virginia. CSXT denies the remaining allegations in Paragraph 190.

191. No response is required to allegations in Paragraph 191 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 191.

**K.** **CSX controls access to the entire gap under I-95.**

192. No response is required to allegations in Paragraph 192 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that it has a right of way in Lumberton, and lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 192 as they pertain to alleged events many decades ago, but continues to search for pertinent knowledge and information.

193. No response is required to allegations in Paragraph 193 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that the CSX right of way is partially contiguous with I-95, and denies the remaining allegations of paragraph 193.

194. No response is required to allegations in Paragraph 194 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that VFW Road runs approximately parallel to portions of CSXT's rail structures in Lumberton and that both VFW Road and CSXT's railroad tracks intersect Interstate 95 in Lumberton. CSXT denies any allegations in Paragraph 194 not specifically admitted.

195. No response is required to allegations in Paragraph 195 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 195.

196. No response is required to allegations in Paragraph 196 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 196.

197.    No response is required to allegations in Paragraph 197 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 197 as they pertain to statements made by unnamed local authorities and the conduct of the City of Lumberton, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 197.

198.    No response is required to allegations in Paragraph 198 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 198.

## CLASS ACTION ALLEGATIONS

199.    No response is required to allegations in Paragraph 199 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 199 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 199, and specifically denies that a class action can be maintained.

A.    **Class definitions and exclusions**

**Area Residents Class:**

All persons whose real or personal property located in Lumberton, North Carolina was damaged or destroyed due to floods through the gap at the intersection of the CSX railroad tracks and Interstate 95.

**Area Business Class:**

All businesses in Lumberton, North Carolina that lost income or suffered damage to real or personal property due to floods through the gap at the intersection of the CSX railroad tracks and Interstate 95.

200.     No response is required to allegations in Paragraph 200 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT admits that plaintiffs purport to bring this action as a class action, but denies that a class action can be maintained or that plaintiffs state any claims or any right to relief against CSXT. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 200.

201.     CSXT admits that the allegations in Paragraph 201 purport to identify those excluded from the alleged class, but denies that a class action can be maintained. Except as specifically admitted herein, CSXT denies the allegations in Paragraph 201.

**B.     Numerosity of the class and impracticability of joinder: Rule 23(a)(1).**

202.     No response is required to allegations in Paragraph 202 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 202 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 202, and specifically denies that a class action can be maintained.

203.     No response is required to allegations in Paragraph 203 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the allegations in Paragraph 203, and specifically denies that a class action can be maintained.

### C. Commonality of facts and applicable law: Rule 23(a)(2).

204. No response is required to allegations in Paragraph 204 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 204 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 204, and specifically denies that a class action can be maintained.

205. No response is required to allegations in Paragraph 205 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 205 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 205, and specifically denies that a class action can be maintained.

206. No response is required to allegations in Paragraph 206 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 206 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 206 and any subparts, and specifically denies that a class action can be maintained.

207. No response is required to allegations in Paragraph 207 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 207 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 207, and specifically denies that a class action can be maintained.

208. No response is required to allegations in Paragraph 208 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 208 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 208, and specifically denies that a class action can be maintained.

209.    No response is required to allegations in Paragraph 209 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 209 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 209, and specifically denies that a class action can be maintained.

**D.       Typicality of Plaintiffs' claims: Rule 23(a)(3).**

210.    No response is required to allegations in Paragraph 210 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 210 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 210, and specifically denies that a class action can be maintained.

211.    No response is required to allegations in Paragraph 211 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 211 state legal conclusions to which no response is required. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 211 as they pertain to the cross section of Lumberton property owners, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 211.

212.    No response is required to allegations in Paragraph 212 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 212 as they pertain to plaintiffs' claimed property damage or business losses, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 212.

213.    No response is required to allegations in Paragraph 213 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 213 as they pertain to plaintiffs' claimed property damage and nonprofit status, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 213.

214.    No response is required to allegations in Paragraph 214 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 214 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 214, and specifically denies that a class action can be maintained.

E.      **Adequacy of representation by Plaintiffs: Rule 23(a)(4).**

215.    No response is required to allegations in Paragraph 215 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 215 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 215, and specifically denies that a class action can be maintained.

216.    No response is required to allegations in Paragraph 216 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 216 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 216, and specifically denies that a class action can be maintained.

217.    No response is required to allegations in Paragraph 217 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 217 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 217.

218.    No response is required to allegations in Paragraph 218 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 218, and therefore denies the allegations.

219.    No response is required to allegations in Paragraph 219 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 219 state legal conclusions to which no response is required. CSXT lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 219 on plaintiffs or their counsel's possible conflicts with the putative class, and therefore denies the allegations. CSXT denies the remaining allegations in Paragraph 219, and specifically denies that a class action can be maintained.

F.    **Injunctive relief is appropriate: Rule 23(b)(2).**

220.    No response is required to allegations in Paragraph 220 that relate to plaintiffs' tort

causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 220 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 220 and specifically denies that injunctive relief is available in this action.

221.     No response is required to allegations in Paragraph 221 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 221.

222.     No response is required to allegations in Paragraph 222 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 222 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 222 and specifically denies that injunctive relief is available in this action.

**G.     Predominance of common questions and superiority of class action practice: Rule 23(b)(3).**

223.     No response is required to allegations in Paragraph 223 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 223 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 223.

224.     No response is required to allegations in Paragraph 224 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 224 state legal

conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 224.

225.    No response is required to allegations in Paragraph 225 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 225 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 225, and specifically denies that a class action can be maintained.

226.    No response is required to allegations in Paragraph 226 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 226 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 226 and specifically denies that punitive damages are available in this action.

227.    No response is required to allegations in Paragraph 227 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 227 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 227, and specifically denies that a class action can be maintained.

228.    No response is required to allegations in Paragraph 228 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. CSXT denies the remaining allegations in Paragraph 228.

229.    No response is required to allegations in Paragraph 229 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements,

which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 229 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 229.

**H.      Common issues are present: Rule 23(c)(4).**

230.      No response is required to allegations in Paragraph 230 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 230 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 230, and specifically denies that a class action can be maintained.

231.      No response is required to allegations in Paragraph 231 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 231 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 231, and specifically denies that a class action can be maintained.

232.      No response is required to allegations in Paragraph 232 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 232 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 232, and specifically denies that a class action can be maintained.

233.      CSXT incorporates by reference its responses to all preceding paragraphs above.

**COUNT 1: THIRD-PARTY BENEFICIARY CLAIM FOR BREACH OF CONTRACT ARISING FROM CSX'S CONTRACTS WITH THE CITY OF LUMBERTON AND THE DRAINAGE DISTRICT**

234.      The allegations in Paragraph 234 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 234.

235.     The allegations in Paragraph 235 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 235.

236.     No response is required to allegations in Paragraph 236 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 236 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 236.

237.     No response is required to allegations in Paragraph 237 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 237 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 237.

238.     No response is required to allegations in Paragraph 238 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 238 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 238.

239.     No response is required to allegations in Paragraph 239 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 239 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 239.

240.     No response is required to allegations in Paragraph 240 that relate to plaintiffs' tort

causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 240 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 240.

241.     No response is required to allegations in Paragraph 241 that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order. The allegations in Paragraph 241 state legal conclusions to which no response is required. CSXT denies the remaining allegations in Paragraph 241.

## COUNT 2: TORT CAUSE OF ACTION BASED ON A RAILROAD CORPORATION'S DUTY TO PROTECT THE PUBLIC GOOD

242-254. Paragraphs 242 through 254 make allegations and address claims dismissed by the Court on July 16, 2019, and thus no response is required, and CSXT denies the allegations in Paragraphs 242 through 254 on that ground.

## COUNT 3: NEGLIGENCE AND WILLFUL AND WANTON MISCONDUCT

255-270. Paragraphs 255 through 270 make allegations and address claims dismissed by the Court on July 16, 2019, and thus no response is required, and CSXT denies the allegations in Paragraphs 255 through 270 on that ground.

## COUNT 4: TRESPASS AND NUISANCE ARISING FROM CSX'S INTENTIONAL DIVERSION OF THE FLOW OF SURFACE WATERS

271-279. Paragraphs 271 through 279 make allegations and address claims dismissed by the Court on July 16, 2019, and thus no response is required, and CSXT denies the allegations in Paragraphs 271 through 279 on that ground.

## RESPONSE TO PRAYER FOR RELIEF

CSXT denies the allegations in the Prayer for Relief, including that plaintiffs are entitled

to any form of relief against CSXT.

## SEPARATE AND AFFIRMATIVE
## DEFENSES

1.      First Defense: CSXT denies that any plaintiff is entitled to any recovery from CSXT.

2.      Second Defense: Some or all causes of action of the Complaint are preempted.

3.      Third Defense: Some or all of plaintiffs' claims are or may be barred, extinguished, or the relief they seek limited because the damages or injuries alleged are the result of pre-existing, intervening or superseding causes, or other acts beyond CSXT's control.

4.      Fourth Defense: Some or all of the plaintiffs failed to mitigate, minimize or avoid alleged damages or losses, and any recovery must be reduced by corresponding sums.

5.      Fifth Defense: Some or all of plaintiffs' claims are or may be barred or the relief they seek limited to the extent damages or injuries alleged are caused by the negligence, fault, or want of care of third parties beyond CSXT's control. CSXT asks that the Court compare and quantify any negligence of any party to that of all other parties to this action, and limit recovery against each defendant to the percentage of damages for which fault is attributed to such defendant. Although CSXT is presently unable to specifically identify any liable non-parties, to the extent it does so through discovery and other investigation, CSXT will move to amend its Answer accordingly.

6.      Sixth Defense: Some or all of plaintiffs' claims are or may be barred by the equitable doctrines of estoppel, waiver, laches, repose, and/or related equitable and other comparable doctrines.

7.      Seventh Defense: Plaintiffs' various separate and distinct claims are improperly joined together and should be severed and proceeded with separately and/or

through separate trials.

8.      Eighth Defense: Plaintiffs' recovery, if any, should be reduced by any collateral payments.

9.      Ninth Defense: Although CSXT denies that it was negligent in any way as claimed, CSXT relies on the doctrine of modified comparative fault in bar or reduction of any plaintiff's damages.

10.     Tenth Defense: Plaintiffs lack standing to assert some or all claims against CSXT.

11.     Eleventh Defense: Plaintiffs are not intended beneficiaries of any contract.

## **<u>JURY TRIAL DEMANDED</u>**

CSXT demands a jury trial on all issues so triable.

Dated: February 12, 2021                  Respectfully submitted,

                                          /s/ *April N. Ross*_____
                                          April N. Ross
                                          N.C. State Bar No. 35478
                                          Scott L. Winkelman
                                          Crowell & Moring LLP
                                          1001 Pennsylvania Avenue NW
                                          Washington, D.C. 20004
                                          Telephone: (202) 624-2500
                                          Facsimile: (202) 628-5116
                                          Email: aross@crowell.com
                                          Email: swinkelman@crowell.com

                                          *Counsel for CSX Transportation, Inc. by Special Appearance*

                                          /s/ *Henry L. Kitchin, Jr.*_____
                                          Henry L. Kitchin, Jr.
                                          N.C. State Bar No. 23226
                                          McGuireWoods LLP

Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone: (910) 254-3800
Facsimile: (910) 254-3900
Email:  hkitchin@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*