IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY EDWARDS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>Defendant. | Case No. 7:18-cv-169-BO<br><br>*Consolidated with Cases No. 7:18-cv-177-BO and*<br>*No. 7:18-cv-178-BO* |
| ANTOINETTE MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>Defendant. | Case No. 7:18-cv-177-BO |
| WEST LUMBERTON BAPTIST CHURCH, et al., individually and on behalf all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | Case No. 7:18-cv-178-BO |

**CSX TRANSPORTATION, INC.'S**
**OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs ask the Court to strike nine of CSX Transportation, Inc.'s ("CSXT's") affirmative defenses and to declare aspects of CSXT's answer deficient and plaintiffs' corresponding allegations admitted. *See* Pls.' Motion to Strike ("Mot."), ECF No. 72. Plaintiffs' motion is baseless and should be denied for multiple reasons.

First, plaintiffs ignore that where CSXT noted that plaintiffs' allegations contain legal conclusions, not factual assertions, CSXT also admitted or denied those allegations, precisely as the law suggests.

Second, plaintiffs claim that CSXT improperly responded to allegations quoting from or characterizing documents by stating that the "document speaks for itself," but plaintiffs again omit that CSXT also responded substantively to those allegations by admitting or denying them.

Third, plaintiffs erroneously argue that the Court should deem admitted claims *dismissed* by both this Court and the Fourth Circuit, seeking to revive these preempted claims through a back-door motion to strike.

Fourth, plaintiffs ignore the weight of authority holding that the heightened pleading standard of Rule 8(a) does not apply to affirmative defenses governed by Rule 8(b)(1)(A).

Fifth, CSXT's affirmative defenses are not mysterious in the least, say what they mean, and, if they impose some litigation burden on plaintiffs to disprove, that is simply the price of choosing to litigate a forty-year-old contract to which plaintiffs are not party.

Finally, plaintiffs fail to carry their high burden to show that they will be prejudiced if the Court does not strike CSXT's defenses and deem their allegations admitted.

CSXT's Answer more than satisfies the requirements of Rule 8, while plaintiffs' motion falls far short of the requirements of 12(f).

In all, the motion is nothing but a distraction. And an unnecessary one at that. Plaintiffs claim frustration that CSXT does not at this moment know all plaintiffs want CSXT to know about a contract entered over four decades ago, as to which no or little action may have been taken by anyone, anywhere, in the four decades since. It was not CSXT's choice to litigate this case, or that contract. CSXT has faithfully told what it knows, and has acknowledged what it does not yet know, in its Answer. It offered to do still more in a meet-and-confer exchange -- to walk with plaintiffs' counsel, line-by-line, through its Answer to reduce or eliminate uncertainty. Plaintiffs opted instead for this motion.

The motion should be denied.

## BACKGROUND

After Hurricanes Matthew and Florence flooded parts of Lumberton, North Carolina, several residents and businesses filed three nearly identical complaints against CSXT.[1] CSXT moved to dismiss the complaints, and in response, plaintiffs consolidated the three cases and filed an amended consolidated complaint on February 28, 2019 (the "Am. Compl.", ECF No. 29). The Amended Complaint contained claims for common and gross negligence, trespass and public and private nuisance, and for breach of a forty-year-old public works agreement between CSXT's predecessor and two local government entities (the "Tri-Party Agreement"). *See* Am. Compl.

On April 29, 2019, CSXT moved to dismiss the Amended Complaint. *See* Mot. to Dismiss, ECF No. 36. The Court granted CSXT's motion to dismiss in its entirety, and plaintiffs appealed. *See* Order, ECF No. 51. On appeal, the Fourth Circuit affirmed this Court's dismissal of plaintiffs'

---

[1] *Moore v. CSX Corp.*, No. 7:18-cv-00177; *Edwards v. CSX Corp.*, No. 7:18-cv-80169; *W. Lumberton Baptist Church v. CSX Corp.*, No. 7:18-cv-00778.

tort claims (Counts 2, 3, and 4), but reversed in part and remanded the claim for breach of the Tri-Party Agreement (Count 1). *See* Order, ECF No. 58.

CSXT answered the Amended Complaint on February 12, 2021. *See* Answer and Affirmative Defenses to Am. Compl. ("Answer"), ECF No. 67.

After business hours on Friday, February 19, plaintiffs' counsel sent CSXT's counsel an e-mail seeking clarification on a single paragraph in CSXT's answer – paragraph 61. The parties met and conferred in writing and by telephone several times over the following week. During those discussions, the only issue raised by plaintiffs was CSXT's response to Paragraph 61 and similar allegations containing legal conclusions. Plaintiffs did not raise concerns about CSXT's affirmative defenses or any other alleged deficiencies. CSXT reminded plaintiffs that answering about a decades-old contract is not an everyday affair, and that CSXT would be speaking falsely (which CSXT and its counsel will not do) if it was forced to pretend through a pleading that it knew more than it did. Nonetheless, CSXT offered to discuss its Answer line-by-line in a determined effort to work with plaintiffs to resolve any concerns they may have. Plaintiffs declined CSXT's offer, and instead filed their motion to strike.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), a court may strike from a pleading "redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Because striking a pleading is a drastic remedy, the "burden is high and rests with the movant." *Hinkle v. Experian Infos. Sols., Inc.*, No. 18 cv 7, 2018 WL 1511177, at *1 (W.D.N.C. Mar. 27, 2018) (citing *Clark v. Milam*, 152 F.R.D. 66, 70 (S.D.W. Va. 1993)). Courts do not strike pleadings without a strong showing that failing to strike the material would unfairly prejudice the movant, *Nexus Tech., Inc. v. Unlimited Pwr., Ltd.*, No. 19-cv-00009, 2020 WL 5723756, at *1 (W.D.N.C. Sept. 24, 2020), and that the material at

issue has "no possible bearing upon the subject matter of the litigation." *Garey v. James S. Farrin, P.C.*, No. 16-CV-542, 2018 WL 4688389, at *5 (M.D.N.C. Sept. 29, 2018) (quoting *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs., L.L.C.*, 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001)); *see also Arora v. Daniels*, No. 17-cv-134, 2018 WL 1597705, at *14 (W.D.N.C. Apr. 2, 2018) (a court will not strike an affirmative defense unless it could not "constitute a valid defense to the action") (quoting *Waste Mgmt. Holding, Inc. v. Gilmore*, 252 F.3d. 316, 347 (4th Cir. 2001)); *Webb v. Stevens*, No. 05-CV-33, 2008 WL 3819826, at *2 (E.D.N.C. Aug. 12, 2008) ("[A] motion to strike matter from an answer will not be granted, unless the moving party demonstrates that the challenged materials is so unrelated to the plaintiff's claims as to be unworthy of any consideration" (quoting *McIntyre-Handy v. APAC Customer Servs.*, No. 05CV124, 2006 WL 721383 (E.D. Va. 2006)).

As plaintiffs themselves acknowledge (Mot. at 4), Rule 12(f) motions to strike are "viewed with disfavor" and are granted infrequently and "only for egregious violations." *Garey*, 2018 WL 4688389, at *5 (quoting *Brown v. Inst. for Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005)); *see also Kelly v. U.S.*, 809 F. Supp. 2d 429, 233 (E.D.N.C. 2011). In considering a Rule 12(f) motion, the court views "the pleading under attack in a light most favorable to the pleader." *Garey*, 2018 WL 4688389, at *5 (quoting *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013)). "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party." 5C *Federal Practice and Procedure* § 1382.

4

# ARGUMENT

## I. CSXT PROPERLY ANSWERED THE COMPLAINT'S NUMBERED ALLEGATIONS.

Ignoring federal pleading requirements and governing law, plaintiffs seek to advance this case not on its substance but on "gotcha" tactics, asking the Court to employ the bluntest instrument of striking CSXT's answers instead of expecting plaintiffs to prove their case. Specifically, they invite the Court to find that "certain" aspects of CSXT's answers fail to meet federal pleading standards, and to "deem[] admitted" the corresponding allegations in their Amended Complaint. Mot. at 2.

Plaintiffs at first do not identify the specific allegations they seek to have admitted. But then they clarify in their proposed order that the Motion targets any "responses that did not admit, deny, or claim a lack of information to do so." Proposed Order, ECF No. 72-1. This makes the Court's task easy, since plaintiffs protest only *portions* of CSXT's answering statements, while ignoring the remainder of each response. In response to each and every paragraph of the Amended Complaint, CSXT either admitted, denied, or pled a lack of information, through a painstaking process that even plaintiffs acknowledge resulted in a detailed and lengthy answer, one "five pages longer than the operative complaint." Pls.' Mem. in Support of Mot. to Strike ("Mem.") at 10, ECF No. 73. This is all Rule 8 requires.

As for their specific grievances, plaintiffs appear to take issue with three types of responses: (1) where CSXT points out that an allegation states a legal conclusion, in whole or in part; (2) where CSXT states that a particular document "speaks for itself" and denies plaintiffs' characterization of the document; and (3) CSXT's position that no answer is required for claims dismissed by the Court. Plaintiffs' arguments lack merit.

A.  **CSXT Properly Responds To Plaintiffs' Legal Assertions.**

A defendant may answer that allegations "state legal conclusions" where, as here, it also denies or admits the allegations in the alternative and/or includes a general denial in the answer. *See Farrell v. Pike*, 342 F. Supp. 2d 433, 441 (M.D.N.C. 2004) (refusing to strike answer where defendant responded that plaintiff's allegations stated legal conclusions, and for all but two of the contested paragraphs, denied the allegations in the alternative). Here, CSXT does both.

In every paragraph where CSXT responds that an allegation contains legal conclusions, CSXT also denies the allegations, admits the allegations, and/or states that it lacks knowledge or information sufficient to form a belief as to the truth of allegations. *See, e.g.*, Answer ¶¶ 18-20 (denying allegations, including for lack of knowledge), ¶ 42 (denying allegations), ¶ 61 (denying allegations), ¶¶ 234-41 (denying allegations). CSXT's Answer also states at the outset that "all allegations not expressly admitted are denied." Answer at 1. These responses are consistent with Rule 8 and federal pleading requirements; nothing more is required. *See In re Carceres*, No. 20-09007, 2020 WL 6891916, at *2 (M.D.N.C. Nov. 2, 2020); *Farrell*, 342 F. Supp. 2d at 441.

Plaintiffs' specific objections are unavailing. For example, plaintiffs call out CSXT's response to Paragraph 42, which alleges: "As a result of the merger, CSX assumed all of Seaboard Coast Line's legal duties, responsibilities, and liabilities. CSX stands in the shoes of the Seaboard Coast Line Railroad Company today." Mem. at 12. This allegation states a host of inaccurate statements and legal conclusions, including that CSXT and Seaboard combined through a "merger" (which CSXT already denied in response to ¶ 39), and that CSXT "assumed… legal duties" and unidentified "responsibilities and liabilities" as a result of a merger. It also includes the unintelligible allegation that "CSX stands in the shoes" of Seaboard for unidentified purposes, whatever that might mean in this particular context. *Id.* CSXT responded that the allegations in

6

Paragraph 42 state legal conclusions to which no response is required, and also that no response is required to the extent these allegations relate to plaintiffs' tort claims or any contract claim based on any unnamed or undated agreements because the Court dismissed those claims and the Fourth Circuit agreed they cannot proceed. Answer, ¶ 42. All this is conventional, permissible, and true. But CSXT's response to Paragraph 42 does not stand solely on those objections. The Answer further states: "CSXT *denies* the remaining allegations in Paragraph 42." *Id*. (emphasis added). There is nothing confusing, evasive, or misleading in this response. To the extent the allegations in Paragraph 42 relate to plaintiffs' sole remaining claim for breach of the Tri-Party Agreement, CSXT denies them. Much the same goes for the other numbered answer responses in this category.

### B. CSXT Properly Responds To Allegations Concerning Documents.

Likewise, it is appropriate to respond that particular documents "speak for themselves," especially where the defendant also admits or denies the allegations. *See In re Carceres*, 2020 WL 6891916, at *2 (refusing to strike responses where defendant refused to admit or deny allegations because a document "speaks for itself" or that the allegations contain legal conclusions, because defendant denied the allegations in the alternative and the answer included a general denial). Here, in each paragraph where CSXT states that a document "speaks for itself," CSXT also does what pleaders regularly and permissibly do: denies the allegations, admits the allegations, and/or states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations. *See, e.g.*, Answer, ¶¶ 53-59 (admitting that the allegations pertain to and purport to quote from a particular document, denying plaintiffs' characterization of the document, and denying all

7

allegations that are not specifically admitted). Plaintiffs' arguments about these responses are baseless.[2]

For example, plaintiffs take issue with CSXT's response to Paragraph 54, which alleges:

> Under the Tri-Party Agreement, the Seaboard Coast Line granted the City and the Drainage District the right to construct a permanent levee system across Seaboard's wide right of way. *Id.* at preamble. Specifically, the governments were permitted to "construct and maintain portions of a[n] . . . earthen dike on the easterly and westerly portions of [Seaboard's] right of way." *Id.* The governments were permitted to build as close as "15 feet from the center line of [Seaboard's] main track." *Id.*

Mem. at 13. In response, CSXT *admits* that the allegations in Paragraph 54 purport to quote and summarize the "Tri-Party Agreement." Although CSXT states that the "Tri-Party Agreement" speaks for itself, CSXT also *denies* plaintiffs' characterization of that document. Answer ¶ 54 (emphasis added). And, as if that was not clear enough, CSXT further states that "[e]xcept as specifically admitted herein, CSXT *denies* the allegations in Paragraph 54." *Id*. (emphasis added).

## C. CSXT Is Not Required To Respond To Dismissed Claims

Finally, plaintiffs argue that the Court should deem admitted *all* allegations in *all* of their *dismissed* counts because CSXT did not respond to those preempted claims. The irony of this grievance is deep. On the one hand, plaintiffs object to CSXT's affirmative defenses concerning negligence because "there are no negligence claims in this case," these having been dismissed.

---

[2] In arguing that CSXT's responses are deficient for letting a document "speak[] for itself," plaintiffs neglect to mention the North Carolina case law directly on point. *See In re Carceres*, 2020 WL 6891916, at *2. Plaintiffs' authorities from the Northern District of Illinois and the Middle District of Pennsylvania are distinguishable. In *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001), the court determined it was not appropriate to state that a document "speaks for itself" in order to avoid admitting or denying allegations <u>at all</u>. And in *Graham Eng'g Corp. v. Suarez*, No. 16-CV-2527, 2018 WL 1907124, at *2 (M.D. Pa. Apr. 23, 2018), "[n]one of [the plaintiff's] allegations at issue *sub judice* explicitly or implicitly refer[ed] to documents," which made the defendant's answer that the "document speaks for itself" ambiguous.

Mem. at 5. Now here, plaintiffs fault CSXT for not addressing portions of their complaint regarding those very same contentions of negligence. Which is it?

At any rate, CSXT is not required to answer dismissed claims. *See Peper v. United States Dep't of Agric..*, Civ. A. No. 040-cv-01382, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008) ("In their Answer, Defendants clearly state that these claims have previously been dismissed by the Court, and they therefore make no response, as none is required.").[3] Plaintiffs' only authority does not suggest otherwise, as their single case did not concern allegations for dismissed claims. *See State Farm*, 199 F.R.D. at 279. The Court should reject plaintiffs' backdoor attempt to revive claims that both this Court and the Fourth Circuit found preempted.

All that remains of this case is Count I, a claim for breach of contract. CSXT answered the allegations in Count 1, and answered as well the general factual allegations preceding Count 1 that are expressly incorporated into that Count. Where CSXT notes in that portion of its Answer that "[n]o response is required to allegations . . . that relate to plaintiffs' tort cause of action or any contract cause of action related to any unnamed or undated agreements," CSXT also admits or denies the allegations to the extent they relate to the surviving claim. *See, e.g.*, *id.* ¶ 164. The only portions of the Amended Complaint that CSXT has not answered are the three causes of action dismissed by this Court and affirmed as preempted by the Fourth Circuit. *Id.*, ¶¶ 242-54 (Count 2: Tort Cause of Action Based on a Railroad Corporation's Duty to Protect the Public Good); ¶¶ 255-70 (Count 3: Negligence and Willful and Wanton Misconduct); ¶¶ 271-79 (Count 4: Trespass and

---

[3] *See also Pinkston v. Univ. of S. Fla. Bd. of Trustees*, No. 18-cv-2651, 2019 WL 2121095, at *2 (M.D. Fla. May 15, 2019) ("Because Count I was dismissed, [defendant] was not obligated to admit or deny the allegations under Count I in its Answer"); *Ratigan v. Trogvac*, No. 4:CV-08-1667, 2009 WL 2870669, at *2 (M.D. Pa. Aug. 28, 2009) (the magistrate recommended that the three defendants only be directed to "respond to paragraphs 80-88 of plaintiff's second amended complaint, since paragraphs 17-79 contained allegations related to dismissed claims"); *Chivalry Film Prods., v. NBC Universal, Inc.*, No. 05 Civ. 5627, 2006 WL 89944, at *4 (S.D.N.Y. Jan. 11, 2006) (defendant need not answer claims that have been dismissed).

9

Nuisance Arising from CSX's Intentional Diversion of the Flow of Surface Waters). CSXT is not required to respond to those dismissed claims, or the factual or legal allegations that are contained in those counts. Nor can it conceivably advance this case for CSXT to engage in that idle gesture.

Plaintiffs' suggestion that CSXT should still be forced to answer dismissed Counts 2, 3 and 4 because they "relate to Count 1" also mischaracterizes their own pleading. Mem. at 12. Plaintiffs make no attempt to show *how* the allegations in Counts 2, 3, and 3 "relate" to Count 1, nor does the Amended Complaint incorporate any allegations from Counts 2, 3, or 4 into Count 1. To the contrary, the Amended Complaint states *before* Count 1 that "This complaint should be construed so as to incorporate all facts *above* into each cause of action stated *below*." Am. Compl. ¶ 233. Count 1 does *not* purport to incorporate any allegations that come after that count.

To the extent plaintiffs contend that CSXT should hunt throughout the dismissed counts for allegations that may somehow "relate" to Count 1, the complaint is an improper shotgun pleading. Had plaintiffs been genuinely confused about which of their allegations were dismissed and which survive, or otherwise confused about the Answer, they could have taken up the offer of CSXT counsel to spend whatever time plaintiffs would care to take to walk through the Answer, line by line, in hopes of resolving any supposed ambiguity. Instead, they raced to court. If the Court believes there is any confusion on this score, CSXT respectfully requests that plaintiffs be invited to replead their complaint to conform to this Court's order and the order of the Fourth Circuit.

CSXT's Answer satisfies Rule 8. Plaintiffs fail to show otherwise and certainly have not established the "significantly egregious violation" of the rules necessarily "to justify granting [plaintiffs'] Rule 12(f) motion to strike the answer or requiring a repleading of it." *Farrell*, 342 F. Supp. 2d at 441.

## II. CSXT SUFFICIENTLY PLEADS ITS AFFIRMATIVE DEFENSES.[4]

### A. The Challenged Defenses Satisfy Pleading Requirements

Plaintiffs argue that seven of CSXT's affirmative defenses are not sufficiently pled. Mem. at 7-10 (seeking dismissal of Affirmative Defense Nos. 3, 4, 6, 7, 8, 10, and 11). Plaintiffs contend that the plausibility standard of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) applies to CSXT's defenses. *Id.* at 7. They cite to this Court's decisions in *McGinity v. USAA Fed. Sav. Bank*, No. 19-CV-560, 2020 WL 1867386 (E.D.N.C. Apr. 14, 2020) and *Vandevender v. Blue Ridge of Raleigh, LLC*, No. 14-CV-150, 2015 WL 355281 (E.D.N.C. Jan. 27, 2015), which both follow *Racick v. Dominion Law Assoc.*, 270 F.R.D. 228, 234 (E.D.N.C. 2010). *Id.* Respectfully, those cases no longer reflect the weight of authority.

In *Racick*, the court observed that at the time (2010), the majority of courts in other jurisdictions had applied the *Twombly/Iqbal* standard to affirmative defenses. The *Racick* court chose to follow that trend. But this is no longer the case. *See U.S. Commodity Futures Trading Comm'n v. U.S. Bank, N.A.*, No. 13-cv-2041, 2014 WL 294219, at *10 (N.D. Iowa Jan. 27, 2014) ("At first, the majority of district courts extended the pleading standard articulated in *Twombly* and *Iqbal* to affirmative defenses, but this is now the minority position."); *see also Hanson v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc.*, 287 F.R.D. 119, 122 (D. Mass. 2012). Accordingly, the foundational underpinning of *Racick* and its progeny is no longer sound, and those decisions are due to be reconsidered.

"The Fourth Circuit has recognized that '[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the

---

[4] CSXT withdraws its fifth affirmative defense and its ninth affirmative defense, which relate to the dismissed tort-based causes of action. We now presumably can be certain plaintiffs are not seeking somehow to revive or restate those dismissed claims.

11

Case 7:18-cv-00169-BO Document 80 Filed 03/19/21 Page 12 of 19

nature of the defense.'" *Guessford*, 918 F. Supp. 2d at 468 (quoting *Clem v. Corbeau*, 98 F App'x 197, 203 (4th Cir. 2004) (alterations in original). Accordingly, although the Fourth Circuit has not directly confronted the question of whether *Twombly* and *Iqbal* apply to affirmative defenses, the clear weight of authority among district courts in the Fourth Circuit holds that the heightened pleading standards of *Twombly* and *Iqbal* do not apply to affirmative defenses. *See, e.g.*, *Ali v. Equifax Info. Servs., LLC*, No. 20-CV-173, 2020 WL 6049908, at *4 n.5 (E.D.N.C. Oct. 13, 2020); *Nexus Tech.*, 2020 WL 5723756, at *2; *Tippman Eng'ing, LLC v. Innovative Refrigeration Sys, Inc.*, No. 19-cv-000087, 2020 WL 1644985, *2 (W.D. Va. Apr. 2, 2020); *Drapkin v. Mjalli*, 441 F. Supp. 3d 145, 151 (M.D.N.C. Feb. 20, 2020); *Liles v. Wyman*, No. 18-CV-210, 2019 WL 5677930, at *3 (E.D.N.C. Oct. 31, 2019); *Arora*, 2018 WL 1597705, at *14; *Viper Publ'g,. LLC v. Bailey*, No. 17-CV-00314, 2018 WL 3114536, at *5 (W.D.N.C. June 25, 2018); *Orshal v. Bodycote Thermal Processing, Inc.*, No. 15CV674, 2016 WL 4007610, at *2 (M.D.N.C. July 26, 2016); *Collins v. First Fin. Servs., Inc.*, No. 14-CV-288, 2015 WL 6449304, at *4 (E.D.N.C. Oct. 23, 2015); *Keith Bunch Assocs., LLC v. La-Z-Boy Inc.*, No. 14-cv-850, 2015 WL 4158760, at *2 (M.D.N.C. July 9, 2015); *Microspace Commc'ns. Corp. v. Guest-Tek Interactive Entmt., Ltd.*, No. 14-CV-535, 2015 WL 4910134, at *4 (E.D.N.C. Aug. 17, 2015); *Narbona v. Micron Precision LLC*, No. 14-cv-00060, 2014 WL 1875038, at *1-2 (W.D.N.C. May 9, 2014); *Snow v. Glob. Credit & Collection Corp.*, No. 13-CV-721, 2014 WL 5781439, at *1 (E.D.N.C. Nov. 6, 2014); *Coach, Inc. v. Sun Super Market, Inc.*, No. 13-CV-679, 2014 WL 545948, at *2 (E.D.N.C. Feb. 10, 2014); *Aguilar-Gamas v. Scott Farms, Inc.*, No. 13-CV-447, 2014 WL 12769404, at *3 (E.D.N.C. Jan. 6, 2014); *Guessford,* 918 F. Supp. 2d at 468.

As the court explained in *Snow*, 2014 WL 5781439, at *1 (E.D.N.C. Nov. 6, 2014), different rules – and correspondingly different pleading standards – apply to complaints and affirmative defenses:

> Federal Rules of Civil Procedure 8(b) and 8(c) govern defenses and affirmative defenses, and require only that a party "state in short and plain terms it defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A) and "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1). This language differs markedly from the language of Rule 8(a)(2), which requires "a short and plaint statement of the claim *showing that the pleader is entitled to relief*." (emphasis added).

*Twombly* and *Iqbal* do not address affirmative defenses or Rule 8(b)(1)(A); they address only the plaintiff's pleading obligations under Rule 8(a)(2). *See Aquilar-Gamas*, 2014 WL 12769404, at *3.[5] The differing language in the respective pleading rules reflects the different positions of plaintiffs and defendants – plaintiffs "have more time to develop factual support for their contentions," while defendants typically have only 21 days to answer, "and defendants are not responsible for 'unlocking the doors of discovery' as are plaintiffs." *Snow*, 2014 WL 5781439, at *2 (quoting *Aquilar-Gamas*, 2014 WL 12769404, at *3). As another district court in this Circuit observed:

> [B]y filing the complaint, the plaintiff "invokes the jurisdiction of the federal courts in the first instance." "The primary function of imposing a pleading standard on a plaintiff in the first instance is to ensure that 'largely groundless claims' are not made up to 'take up the time of a number of other people.'" On the other hand, affirmative defenses do not invoke the jurisdiction of the court and, at least technically, do not expose plaintiffs to liability. Therefore, judicial economy and equity depend on screening complaints more than they do on screening affirmative defenses.

---

[5] *See also Lopez v. Asmar's Mediterranean Food, Inc.*, No. 10CV1218, 2011 WL 98573, at *2 (E.D.Va. Jan. 10, 2011) ("*Twombly* and *Iqbal* did not *introduce* the requirement of showing entitlement to relief under Rule 8(a)(2), they *interpreted* it…. And they did this by interpreting language that is not present in Rule 8(b)(1)(A).") (alteration in original).

*Lockheed Martin Corp. v. U.S.*, 973 F. Supp. 2d 591, 975 (D. Md. 2013) (internal citations).

Under Rule 8(b)(1)(A), affirmative defenses are sufficient if they are pled in general terms, provide fair notice, and are not invalid as a matter of law. *Garey*, 2018 WL 4688389, at *5. CSXT's Answer puts plaintiffs on notice as to the nature of CSXT's affirmative defenses, and plaintiffs do not contend otherwise. Plaintiffs also do not contend that these seven defenses are *per se* invalid or irrelevant to the remaining claim in this action. Accordingly, plaintiffs' motion to strike should be denied. *See, e.g.*, *Snow*, 2014 WL 5781439, at *2 (refusing to strike affirmative defenses where the sole ground for plaintiffs' challenge was that they were based on insufficient allegations because "[a]dditional factual allegations at this stage are not necessary."); *Viper Publ'g*, 2018 WL 3114536, at *5 (denying motion to strike allegedly insufficient defenses where, "in light of the allegations contained in the Complaint, it is clear that such a violation, if proven, would qualify as a valid defense to [plaintiff's] breach of contract claims."); *Garey*, 2018 WL 4688389, at *6 (denying motion to strike affirmative defenses on the ground that they are "insufficient" because "at this early stage of the litigation in which discovery has not yet commenced, the Court is not convinced that there are no set of circumstances under which the affirmative defenses at issue could succeed at trial).

### B. **Plaintiffs Exalt Form Over Substance**

Whatever the applicable pleading standard, plaintiffs cannot genuinely be confused by the purpose or meaning of CSXT's affirmative defenses.

For starters, several of CSXT's defenses have already been the subject of extensive briefing in CSXT's motion to dismiss and in response to plaintiffs' Fourth Circuit appeal. *See* Mot. to Dismiss; *see also* Br. of Appellee, *Edwards et al. v. CSX Trans., Inc.*, No. 19-1782 (4th Cir.), Dkt. No. 33.

Further, each of the challenged defenses is core to this case, and plain as day.

> **Third Defense:** Some or all of the plaintiffs' claims are or may be barred, extinguished, or the relief they seek limited because the damages or injuries alleged are the result of pre-existing, intervening or superseding causes, or other acts beyond CSXT's control. Answer at 56, ¶ 3.

Plaintiffs assert rights under a forty-year-old contract that, at most, granted an easement to local government. CSXT's position is that plaintiffs can have no rights if local government opted not to act on that easement. That failure to act is a "pre-existing, intervening or superseding cause." *Id.* Further, this case seeks to hold CSXT responsible as flood protection agent for the city of Lumberton. CSXT's position is that that responsibility in fact belongs to city and state government, not to private parties, and that the flooding in question was an Act of God. Insofar as flooding occurred or was exacerbated by governmental acts or failures to act, or is the result of an Act of God, then those are "pre-existing, intervening or superseding causes." *Id.* CSXT is entitled to pursue this defense.

> **Fourth Defense:** Some or all of the plaintiffs failed to mitigate, minimize, or avoid alleged damages or losses, and any recovery must be reduced by corresponding sums. Answer at 56, ¶ 4

A party claiming breach of contract has an obligation to take reasonable steps to avoid or mitigate harm. Insofar as plaintiffs did not take such steps, and incurred additional damages or losses as a result of that failure (or caused others to incur such damages), their recovery must be limited accordingly. This is especially appropriate where plaintiffs' theory of causation is that private upstream landowners are responsible flood protection guardians of downstream landowners. CSXT is entitled to pursue this defense.

> **Sixth Defense:** Some or all of plaintiffs' claims are or may be barred by the equitable doctrines of estoppel, waiver, laches, repose and/or related equitable and other comparable doctrines. Answer at 56, ¶ 6.

15

Plaintiffs seek relief under a forty-year-old contract to which they are not parties. To CSXT's knowledge, none of these plaintiffs ever, not once during all of those forty-plus years, took action to claim or assert rights under that contract before the initiation of this lawsuit. North Carolina has settled doctrines of law that forbid stale claims, and that hold as a matter of sound public policy that at some point even contract claims must come to an end. *See, e.g.,* N.C. Gen. Stat. Ann. § 1-50(a)(5); N.C. Gen Stat. Ann. § 1-52(16). CSXT is entitled to pursue such defenses.

> **Seventh Defense:** Plaintiffs' various separate and distinct claims are improperly joined together and should be severed and proceeded with separately and/or through separate trials. Answer at 56-57, ¶ 7.

Plaintiffs are 14 different individuals and businesses who seek a single trial on their separate claims involving different storm events. Should discovery reveal that common questions of law or fact do not pertain to all plaintiffs or that all plaintiffs' claims do not arise from the same occurrence, those separate and distinct claims are appropriately severed to proceed separately in accordance with Rule 20. CSXT is entitled to pursue this defense.

> **Eighth Defense:** Plaintiffs' recovery, if any, should be reduced by any collateral payments. Answer at 57, ¶ 8.

Plaintiffs' claims are for flood damage. Plaintiffs may have received insurance payments for flood damage, or FEMA reimbursement, or other financial assistance. Such contributions would be "collateral payments," which would offset plaintiffs' potential recovery in a breach of contract action such as this. *See RPR & Assocs., Inc. v. Univ. of N. Carolina-Chapel Hill*, 570 S.E.2d 510, 519 (N.C. Ct. App. 2002). Notably, CSXT does not today know whether any of this occurred. This is why this affirmative defense speaks conditionally, as "if any." Answer at 57, ¶ 8. CSXT is entitled to pursue this defense.

Finally:

> **Tenth Defense:** Plaintiffs lack standing to assert some or all claims against CSXT. Answer at 57, ¶ 10.
>
> **Eleventh Defense:** Plaintiffs are not intended beneficiaries of any contract. Answer at 57, ¶ 11.

CSXT's position that plaintiffs lack standing as non-parties to the Tri-Party agreement was the subject of extensive briefing and oral argument before both this Court and the Fourth Circuit. Plaintiffs cannot in good faith claim to lack notice of these defenses, or purport not to understand CSXT's position. CSXT is entitled to pursue these defenses.

In short, it requires no imagination at all to understand CSXT's affirmative defenses. If plaintiffs thought otherwise, again, they should have taken up CSXT on its good-faith offer to walk line-by-line through the Answer to put any and all confusion to rest. Instead, they raced to court.

## III. PLAINTIFFS FAIL TO DEMONSTRATE PREJUDICE.

Plaintiffs' Motion fails for the independent reason that they make no attempt to carry their heavy burden to demonstrate that they would be prejudiced if the Motion is denied. *See Hinkle*, 2018 WL 1511177, at *1. Plaintiffs' conclusory assertions that they will need to conduct discovery on CSXT's affirmative defenses (Mem. at 8) do not demonstrate the type of prejudicial harm that a moving party must show to satisfy Rule 12(f). *See, e.g.*, *Lockheed Martin*, 973 F. Supp. 2d at 596. There is no dispute that the challenged defenses are valid as a matter of law and that they are relevant to this action. *See* Mem.; *see also Hinkle*, 2018 WL 1511177, at *1-2 (no prejudice where the asserted defenses are not "irrelevant," "frivolous," or "so unrelated to plaintiffs' claims as to be unworthy of any consideration as a defense . . . .") (citations and internal quotations marks omitted). Plaintiffs' failure to establish prejudice is fatal to their Motion. *See Godfredson v. JBC Legal Grp., P.C.*, 387 F. Supp. 2d 543, 547-48 (E.D.N.C. 2005) (Rule 12(f) motions to strike are

"often . . . denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party.") (citations and internal quotation marks omitted).

## IV. IN THE ALTERNATIVE, THE COURT SHOULD GRANT LEAVE TO AMEND.

Plaintiffs' Motion is meritless and should be denied. In the event the Court finds otherwise, CSXT requests leave to amend its answer and affirmative defenses. *See McGinity*, 2020 WL 1867386, at *2 (granting defendant leave to amend its answer and affirmative defenses); *see also Vandevender*, 2015 WL 355281, at *2; *Racick*, 270 F.R.D. at 232.

## CONCLUSION

CSXT respectfully requests that the Court deny plaintiffs' Motion.

March 19, 2021                                    Respectfully submitted,

/s/ *April N. Ross*
April N. Ross
N.C. State Bar No. 35478
Scott L. Winkelman
Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: aross@crowell.com
Email: swinkelman@crowell.com

*Counsel for CSX Transportation, Inc. by Special Appearance*

/s/ *Henry L. Kitchin, Jr.*
Henry L. Kitchin, Jr.
N.C. State Bar No. 23226
MCGUIREWOODS LLP
Post Office Box 599 (28402)
Wilmington, North Carolina 28401
Telephone: (910) 254-3800
Facsimile: (910) 254-3900
Email: hkitchin@mcguirewoods.com

*Counsel for CSX Transportation, Inc.*