IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-00169-BO

| | |
|---|---|
| **Jimmy Edwards**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **CSXT Transportation, Inc.**, <br><br> Defendant. | 7:18-CV-00169-BO |
| **Antoinette Moore**, <br><br> Plaintiff, <br><br> v. <br><br> **CSXT Transportation, Inc.**, <br><br> Defendant. | 7:18-CV-00177-BO |
| **West Lumberton Baptist Church**, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **CSXT Transportation, Inc.**, <br><br> Defendant. | 7:18-CV-00178-BO |

**Order on Motion to Strike Affirmative Defenses & Deem Responses Admitted**

The plaintiffs in these consolidated actions are residents and businesses of Lumberton, North Carolina who say that Defendant CSXT Transportation caused their properties to be flooded during Hurricanes Matthew and Florence. They allege that CSXT is liable because it refused to honor the terms of an agreement that allowed the City to close up a gap in its levee system created by one of CSXT's rail lines ahead of the hurricanes.

Initially, Plaintiffs brought four claims against CSXT. But after proceedings in this court and at the Fourth Circuit, only one claim–breach of contract–remains. After the case returned from the Fourth Circuit, CSXT filed its Answer to the Amended Complaint.

Currently before the court is Plaintiffs' request that the court strike several of CSXT's affirmative defenses and deem that the company has admitted many of the Amended Complaint's allegations. They begin by arguing that the affirmative defenses do not satisfy the pleading standards set by the Supreme Court's decisions in *Twombly* and *Iqbal*. Then they claim that two of CSXT's affirmative defenses are invalid given the remaining claim and North Carolina law. And finally they maintain that several of CSXT's responses are inadequate because they do not admit or deny the substance of the corresponding allegation.

I.  **Motion to Strike**

The Federal Rules allow a court to strike "an insufficient defense" from an answer. Fed. R. Civ. P. 12(f). Plaintiffs say that several of CSXT's affirmative defenses are insufficient for one of two reasons. To begin with, they say the facts alleged in the answer do not plausibly establish that the affirmative defenses apply. And then they argue that certain defenses are not available to CSXT as a legal matter.

Neither argument is persuasive. Their first argument tries to apply the *Twombly* and *Iqbal* pleading standard to affirmative defenses. But those cases focused on the Federal Rules'

requirement that a party bringing a claim show that they are entitled to relief. The Rules contain no similar requirements for affirmative defenses, so it would be inappropriate to extend *Twombly* and *Iqbal* to affirmative defenses. As for their second argument, they ask the court to strike certain negligence-related affirmative defenses. CSXT has agreed to withdraw those defenses, so the court will deny this portion of the motion as moot.

### A. Pleading Standard for Affirmative Defenses

Plaintiffs' motion attempts to apply the in *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544 (2007), and *Ashcroft* v. *Iqbal*, 556 U.S. 662 (2009), to seven of CSXT's affirmative defenses. Mem. in Supp. at 7. They say that "the answer fails to provide any plausibly adequate factual foundation" for them. *Id.* So, according to Plaintiffs, the court must strike these defenses even if "there might be a legal basis to claim them[.]" *Id*.

The Fourth Circuit has yet to address whether the *Twombly/Iqbal* standard applies to affirmative defenses. And there is no common position on this issue among the judges of this court. *See, e.g.*, *Liles* v. *Wyman,* No. 7:18-CV-210-FL, 2019 WL 5677930, at *3 (E.D.N.C. Oct. 31, 2019) (declining to apply the *Twombly/Iqbal* pleading standard to affirmative defenses); *Microspace Commc'ns Corp.* v. *Guest-tek Interactive Ent., Ltd.*, No. 5:14-CV-00535-F, 2015 WL 4910134, at *4 (E.D.N.C. Aug. 17, 2015) (same); *Moonracer, Inc.* v. *Collard*, No. 5:13-CV-455-BO, 2013 WL 5949863, at *3 (E.D.N.C. Nov. 6, 2013) (applying the *Twombly/Iqbal* pleading standard to affirmative defenses). Courts throughout this circuit and the nation are similarly divided.

Resolution of this issue begins, as it must, with the text of the Rules of Civil Procedure. Rule 8 governs the pleading of claims and defenses. There are multiple requirements to properly plead a claim or defense, but only some are relevant here. A pleading that asserts a claim for relief

3

must provide "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A pleading that responds to a claim for relief, however, need only "state in short and plain terms its defenses to each claim asserted against it[.]" *Id.* 8(b)(1)(A).

Notably absent from the requirements for pleading an affirmative defense is the requirement that the pleading make a claim showing that the pleader is entitled to relief. This omission is particularly relevant considering the reasoning of *Twombly* and *Iqbal*.

The Supreme Court's analysis in both cases began with the language of Rule 8(a)(2). *Twombly*, 550 U.S. at 554–55; *Iqbal*, 556 U.S. at 677–78. The Court recognized that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

To distinguish between those pleadings which met Rule 8(a)(2)'s requirement and those that did not, the Court established the plausibility standard. Thus "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The reason, according to the Supreme Court, that this standard is appropriate is because "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration in original).

So the Supreme Court's decision focused on the language at the end of Rule 8(a)(2). And that language is absent from Rule 8(b)(1)(A). Since Rule 8(b)(1)(A) does not require a party show that they are entitled to relief based on an asserted defense, it does not require a party to include factual allegations making that defense plausible. Thus it would be inappropriate for the court to

apply the *Twombly*/*Iqbal* standard to affirmative defenses.[1] Instead, all a responding party must do is state its defenses "in short and plain terms[.]" Fed. R. Civ. P. 8(b)(1)(A).

Now that is not to say that a party can assert an affirmative defense reflexively or without considering its validity. Rule 11 requires a party to undertake a reasonable inquiry to determine that its defenses "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]" *Id.* 11(b)(2). A proper inquiry will involve an assessment of whether the facts lend themselves to a particular defense. So a party or attorney who includes inapplicable or unsupportable affirmative defenses exposes themselves to Rule 11 sanctions.

And what about the imbalance this rule creates in the pleading standards for plaintiffs and defendants? Courts who have applied *Twombly*/*Iqbal* to affirmative defenses have found that it was appropriate based on concerns "of fairness, common sense and litigation efficiency[.]" *Palmer*

---

[1] This position appears to have been adopted by the majority of district courts in the Fourth Circuit. *See also Ali* v. *Equifax Info. Servs., LLC*, No. 20-CV-173-FL, 2020 WL 6049908, at *4 n. 5 (E.D.N.C. Oct. 13, 2020) (declining to strike affirmative defense for lacking requisite factual sufficiency required by *Twombly* and *Iqbal*); *Nexus Tech.* v. *Unlimited Power, Ltd.*, No. 1:19-CV-9-MR, 2020 WL 5723756, at *2 (W.D.N.C. Sept. 24, 2020) (heightened pleading standards do not apply to affirmative defenses); *Tippman Eng'g, LLC* v. *Innovative Refrigeration Sys, Inc.*, No. 19-CV-87, 2020 WL 1644985, *2 (W.D. Va. Apr. 2, 2020) (agreeing with more recent cases in district and declining to apply a heightened pleading standard to affirmative defenses); *Liles* v. *Wyman*, No. 18-CV-210-FL, 2019 WL 5677930, at *3 (E.D.N.C. Oct. 31, 2019) (same); *Arora* v. *Daniels*, No. 3:17-CV-134, 2018 WL 1597705, at *14 (W.D.N.C. Apr. 2, 2018) ("[N]othing in *Twombly*, *Iqbal*, subsequent Supreme Court decisions, or recent Fourth Circuit decisions instructs this Court that [the plausibility] standard applies to a responsive pleading."); *Viper Publ'g LLC* v. *Bailey*, No. 17-CV-00314, 2018 WL 3114536, at *5 (W.D.N.C. June 25, 2018) (plausibility standard of *Twombly* and *Iqbal* does not apply to affirmative defenses); *Orshal* v. *Bodycote Thermal Processing, Inc.*, No. 15-CV-674, 2016 WL 4007610, at *2 (M.D.N.C. July 26, 2016) (declining to apply *Twombly* and *Iqbal* pleading standard to affirmative defenses); *Collins* v. *First Fin. Servs., Inc.*, No. 14-CV-288-FL, 2015 WL 6449304, at *4 (E.D.N.C. Oct. 23, 2015) (*Twombly*/*Iqbal* standard does not apply to affirmative defenses); *Keith Bunch Assocs., LLC* v. *La-Z-Boy Inc.*, No. 14-CV-850, 2015 WL 4158760, at *2 (M.D.N.C. July 9, 2015) (declining to apply *Twombly*/*Iqbal* standard to affirmative defenses, noting differences in language of Rule 8(a) and Rule 8(c) as well as time restraints on defendants which are not as limiting to plaintiffs); *Microspace Commc'ns Corp.* v. *Guest-Tek Interactive Entm't, Ltd.*, No. 14-CV-535, 2015 WL 4910134-F, at *4 (E.D.N.C. Aug. 17, 2015) (adopting the reasoning of more recent district court decisions on the matter and declining to apply the plausibility standards to affirmative defenses); *Narbona* v. *Micron Precision LLC*, No. 14-CV-60, 2014 WL 1875038, at *1–2 (W.D.N.C. May 9, 2014) (affirming magistrate judge's finding that the *Iqbal*/*Twombly* standard has no application to affirmative defenses); *Coach Inc.* v. *Sun Super Mkt. Inc.*, No. 13-CV-679-FL, 2014 WL 545948, at *2 (E.D.N.C. Feb. 10, 2014) (declining to apply the plausibility standards to affirmative defenses); *Aguilar-Gamas* v. *Scott Farms, Inc.*, No. 13-CV-447-FL, 2014 WL 12769404, at *3 (E.D.N.C. Jan. 6, 2014) (finding persuasive the court decisions which have declined to extend *Twombly*/*Iqbal* to affirmative defenses).

v. *Oakland Farms, Inc.*, No. 5:10-CV-00029, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010). These are all important interests that our legal system should strive to achieve. But courts are bound by the Rules of Civil Procedure, which do not require the same level of factual support for claims and defenses. If this offends notions of fairness, common sense, or litigation efficiency, that is a matter for the Supreme Court and Congress to address. 28 U.S.C. §§ 2072 & 2074.

So the court denies this portion of Plaintiffs' motion to strike.

### B. The Portion of Plaintiffs' Motion About the Affirmative Defenses of Negligence and Comparative Fault is Moot

Plaintiffs also ask the court to strike Defendant's fifth and ninth affirmative defenses because they apply only to negligence-based claims, which are no longer part of this case, or seek to limit liability through the comparative fault doctrine, which North Carolina law does not recognize. CSXT has agreed to withdraw the fifth and ninth affirmative defenses. *See* Resp. to Mot. to Strike at 11 n.4. The court thus denies this part of the motion to strike as moot.

### II. Motion to Deem Allegations Admitted

Plaintiffs also object to the substance of some of CSXT's responses. They say that in many paragraphs CSXT has refused to respond to allegations. The reasons behind the refusal to respond range from an allegation stating a legal conclusion, the claim that a document speaks for itself, or that the allegation relates to a claim the court dismissed from this action. Although there is merit to Plaintiffs' position as a general matter, here CSXT has included a general denial of all matters not admitted. So its Answer complies with the Federal Rules and the court will deny the motion.

According to the Federal Rules, there are only three acceptable responses to a complaint's allegations. First, a party can admit the allegation as true. Fed. R. Civ. P. 8(b)(1)(B). Second, it can deny the allegation. *Id*. 8(b)(1)(B). And third, a party can claim that it lacks sufficient knowledge or information to admit or deny the allegation. *Id*. 8(b)(5).

6

The Rules also provide guidance to parties on which response to use. To begin with, a party's denial "must fairly respond to the substance of the allegation." *Id.* 8(b)(2). As a corollary to that requirement, if it "intends in good faith to deny only part of an allegation" it "must admit the part that is true and deny the rest." *Id.* 8(b)(4). And a party must ensure that its "denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." *Id.* 11(b)(4).

These provisions work in concert to provide a roadmap for the issues that will need to be addressed as the case proceeds to discovery and trial. When a party admits an allegation, that matter is conclusively resolved for purposes of the litigation. *See United States ex rel. Stanley* v. *Wimbish*, 154 F.2d 773, 774 (4th Cir. 1946) (explaining that a party was estopped from later denying something that they admitted in its answer). And when a party denies an allegation, it is flagging a disputed matter needing resolution. *Higgs* v. *Brian Ctr. Health & Ret./Winsor, Inc.*, 367 F. Supp. 3d 439, 452 (E.D.N.C. 2019) ("[D]enials simply require a plaintiff to conduct discovery and attempt to prove his claims.")

So when responding to a complaint, a party must choose one of the options authorized by the Rules. And while enterprising attorneys have developed additional responses, these alternative responses do not comply with the Federal Rules. Attempts to avoid admitting or denying an allegation by claiming that it contains a legal conclusion, that a document speaks for itself, or similar evasive responses are inappropriate. *See, e.g.*, *Martinez* v. *Naranjo*, 328 F.R.D. 581, 599 (D.N.M. 2018); *Kegerise* v. *Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 124 (M.D. Pa. 2016); *State Farm Mut. Auto. Ins. Co.* v. *Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001); *Controlled Env't Sys.* v. *Sun Process Co., Inc.*, 173 F.R.D. 509, 510 (N.D. Ill 1997).

CSXT's Answer provides examples of both permissible and impermissible responses. For example, in Paragraph 23 CSXT admits a portion of the allegation but then says, "the document speaks for itself and denies plaintiffs' characterization of it." Ans. ¶ 23. It later says that "Except as specifically admitted" it denies the paragraph's allegations. CSXT has made it clear which portions of the allegation it is admitting, and which portions it is denying. So this response satisfies Rule 8(b)'s requirements.

Yet there are several other paragraphs that, on their own, do not meet the Rule's requirements. Take Paragraph 20 for example. There CSXT says the "allegations . . . state legal conclusion to which no response is required." Ans. ¶ 20. And then it says that it, "denies the remaining allegations in Paragraph 20. *Id.* This language does not indicate what portions are the legal conclusion that it has declined to respond to and what portions make up the "remaining allegations" that it is denying. So this response does not satisfy Rule 8(b)'s requirements.

Plaintiffs also claim that CSXT has improperly refused to respond to allegations that it believes relate to dismissed claims. Throughout its Answer, CSXT says, "No response is required to allegations in Paragraph X that relate to plaintiffs' tort causes of action or any contract cause of action related to any unnamed or undated agreements, which the Court dismissed in its July 16, 2019 Order." *See, e.g.*, Ans. ¶ 1.

But as noted above, the Federal Rules do not allow a party to refuse to respond to an allegation in a complaint. *See* Fed. R. Civ. P. 8(b)(1)(B). There is no exception for allegations that may relate to dismissed claims even though the Rules' recognize that a party may need to file a responsive pleading after the resolution of a motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). The court will not read into the rule an exception that neither the Supreme Court nor Congress saw fit to add. *See Iselin* v. *United States*, 270 U.S. 245, 251 (1926) ("To supply omissions transcends

the judicial function."); *Ebert* v. *Poston*, 266 U.S. 548, 554 (1925) ("A *casus omissus* does not justify judicial legislation.").

So a party must provide some sort of response to the allegation in a complaint even if it believes that an earlier order resolved that matter in their favor. But this is not a difficult task. For example, in response to the allegations about the now-dismissed Count 2, CSXT said, "Paragraphs 242 through 254 make allegations and address claims dismissed by the Court on July 16, 2019, and thus no response is required, and CSXT denies the allegations in Paragraphs 242 through 254 on that ground." Ans. ¶¶ 242. This type of response complies with Rule 8's requirements.

Despite these issues, the court finds that CSXT's Answer does, when read as a whole, comply with Rule 8. In its introductory paragraph the Answer says, "all allegations not expressly admitted are denied." Ans. at 1. Whatever other language CSXT uses in its Answer, this language allows Plaintiffs and the court to understand the matters that remain at issue in this case. So the court denies the motion to deem allegations admitted.

### III. Conclusion

For the stated reasons, the court denies Plaintiffs' motion. D.E. 72.

Dated: June 21, 2021

*Robert T. Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge